Hubert Transfer and Storage Company v. Commissioner.
Hubert Transfer & Storage Co. v. Commissioner
Docket Nos. 12078, 13229.
United States Tax Court
1948 Tax Ct. Memo LEXIS 224; 7 T.C.M. (CCH) 171; T.C.M. (RIA) 48043; March 31, 1948
*224 Held, on the facts, premium payments by petitioner during 1943 and 1944 for life insurance of its president and majority stockholder were not intended as additional compensation to him and were not ordinary and necessary business expenses, hence, not deductible for tax purposes. G. W. Smith, Esq., for the petitioner. A. W. Dickinson, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: Respondent determined deficiencies in petitioner's excess profits tax of $9,019.95 and $4,579.09 for the calendar years 1943 and 1944, respectively. The proceedings were consolidated for hearing. Three questions were presented by the pleadings. The first two in the order of their statement have been abandoned by the petitioner, one at the hearing and the other on brief. The remaining question for determination is whether premiums paid by petitioner in the taxable years 1943 and 1944 for policies of insurance on the life of petitioner's then president and majority stockholder, under which the wife of the president was the sole beneficiary, are for excess profits tax purposes deductible as ordinary and necessary business expenses. The tax *225 returns were filed with the collector of internal revenue for the twenty-third district of Pennsylvania at Pittsburgh. The evidence consists of stipulation of facts, testimony and exhibits. The facts as stipulated are so found, but will be set forth only to the extent of their pertinence to the remaining question for determination. Findings of Fact The petitioner was incorporated on April 21, 1921, under the laws of the Commonwealth of Pennsylvania as the J. O'Neill Transfer & Storage Company. By an amendment to the charter dated February 18, 1924, petitioner's name was changed to Hubert Transfer & Storage Company. George J. Hubert, president of petitioner, held over 90 per cent of petitioner's outstanding stock during the years 1943 and 1944. During 1943 and 1944 petitioner paid premiums on life insurance policies on the life of George J. Hubert in the amount of $1,915.63 and $1,953.13, respectively. Hubert's wife was the sole beneficiary under the policies. Petitioner did not deduct the premium payments in determining its 1943 and 1944 tax liability, but designated them in its income tax returns for such years as unallowable deductions. The premiums were not designated *226 on the books of petitioner or on the minutes of the board of directors as additional compensation to Hubert. Petitioner's income and excess profits tax returns for the years 1943 and 1944 disclose the following facts: 1943
1944
Salary for George J. Hu-
bert, President
$10,000.00
$ 10,000.00
Gross receipts
94,736.21
107,286.99
Net income before taxes
20,444.69
27,603.62
Surplus (as of beginning
of year)
53,717.79
65,584 $43
Distribution from earned
surplus
4,980.00
The premium payments made by petitioner on insurance policies on the life of its president were not intended to be, and were not, additional compensation to him and such payments were not ordinary and necessary expenses of petitioner's business. Such payments were a distribution of profits. Opinion Petitioner contends that it is entitled to deduct the amount of premium payments in the respective years involved as additional compensation paid to its president. This contention is contraverted by respondent. In considering whether the payments of premiums by petitioner for the life insurance of its president constituted additional compensation to him, it should be noted that *227 the latter was not only an employee of the corporation, but also the owner of 90 per cent of the corporation's stock. In situations of that kind, we have recognized the fact that "the corporation is in a position to distribute its profits in the guise of salaries and that to the extent this is done the deduction fails." L. Hyman & Co., Inc., 21 B.T.A. 159, 167. We further stated in that case: "* * * When the corporation petitioner as proponent before the Board makes such a claim, the burden is upon it not only to prove that the amounts paid are reasonable as salaries, Botany, Mills v. United States, supra, [278 U.S. 282], but also that they are in fact entirely salaries and not partly or wholly profit distributions. * * *" In Twin City Tile & Marble Co., 6 B.T.A. 1238, 1247, affirmed 32 Fed. (2d) 229, we held that in addition to proving the reasonableness of the amount alleged to have been paid as compensation, it must be shown that such amount was intended and paid as such. Petitioner has not only failed to establish that any salary to its president in excess of $10,000 for each of the years 1943 and 1944 was reasonable compensation but *228 it affirmatively appears from the evidence that the premium payments in such years were not intended as compensation to him. At the time the premiums were paid during 1943 and 1944, petitioner did not deduct those payments in determining its tax liability. The only compensation shown for petitioner's president was the $10,000 salary paid during each of the years here involved. There was not any designation on the books of petitioner that the premium payments made during the years here involved were additional compensation, nor was there ever any authorization for the alleged additional compensation recorded in the minutes of the board of directors' meetings. It therefore affirmatively appears that the premium payments in question were not made as additional compensation to petitioner's president but that such payments constituted distributions of profit to him. Consequently they are not deductible for tax purposes as ordinary and necessary business expense. It follows that respondent's determination must be approved. Decisions will be entered for respondent.